CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/24/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| TIMOTHY ZACHARIAH SANTIAGO,<br><br>                               *Plaintiff*,<br><br>v.<br><br>LYNCHBURG POLICE DEPARTMENT,<br>*et al.*,<br><br>                              *Defendants*. | CASE NO. 6:20-cv-00041<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      Timothy Zachariah Santiago commenced this action against the Lynchburg Police Department and Ryan Zuidema, the Chief of Police for the Lynchburg Police Department,[1] by filing a *pro se* complaint as well as an application to proceed *in forma pauperis*, filed on June 25, 2020. Dkts. 1 & 2. The Court will grant the application to proceed *in forma pauperis* but dismiss the Complaint without prejudice.

      This complaint fails to state a plausible claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (applicable to proceedings *in forma pauperis*); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs IFP filings, in addition to complaints filed by prisoners, and permits district courts to *sua sponte* dismiss IFP complaints that are frivolous, malicious, or fail to state claim). "Factual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), accepting well-pleaded factual allegations in the complaint as true and taking all reasonable inferences in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir.

---

[1] Plaintiff does not identify whether he is filing suit against Ryan Zuidema in his individual or his official capacity.

2005). A court need not accept as true "legal conclusions, elements of a cause of action, … bare assertions devoid of further factual enhancement, … unwarranted inferences, unreasonable conclusions, or arguments." *Richardson v. Shapiro*, 751 F. App'x 346, 348 (4th Cir. 2018) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted). Courts are to construe the filings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1970), but nonetheless, a *pro se* complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> Plaintiff's statement of his claim comprises three sentences, reproduced below:
>
> 1. On May 31, 2020 Lynchburg Police acting on the orders of police chief Ryan Zuidema, deployed a chemical weapon called "CS Gas" or "tear gas" on protesters in Lynchburg, Virginia.
>
> 2. On May 31, 2020 Lynchburg Police acting on the orders of police chief Ryan Zuidema, deployed a chemical weapon called "OC Spray" or "Pepper Spray" on protesters in Lynchburg, Virginia.
>
> 3. At the time listed above the Lynchburg Police Department did in fact unlawfully disperse a protected assembly established to protest.

Dkt. 2 at 2. The last of these is a legal conclusion about the lawfulness of the dispersal of an assembly, which need not be credited. *Richardson v. Shapiro*, 751 F. App'x at 348. Plaintiff brings this action under "U.S. Code § 2441.War Crimes,"[2] "U.S. Code § 246," "U.S. Code § 1983," and "US Constitution, Amendment 1."[3] He seeks $10.00 in compensatory damages and an unidentified award of punitive damages.

---

[2] The Court notes this is a *criminal* statute, which does not purport to create any *private* cause of action. Courts are "quite reluctant to infer a private right of action from a criminal prohibition alone," and some have specifically declined to find that 18 U.S.C § 2441 creates such a right. *Sai v. Trump*, 325 F. Supp. 3d 68, 71–72 (D.D.C. 2018) (internal citations and quotations omitted).

[3] Plaintiff does not identify the titles of the U.S. Code to which these sections belong. The Court is able to infer that "U.S. Code § 2441. War Crimes" refers to 18 U.S.C. § 2441, which criminalizes various war crimes, and "U.S. Code § 1983" refers to that certain essential vehicle of

Defendant fails to allege any injury in fact to meet the jurisdictional threshold set by Article III of the Constitution—specifically, he does not plead whether he was the victim of any of the harm he alleges in his complaint. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561–562 (1992). In fact, he does not reference himself in the allegations whatsoever. Further, he does not provide any basis for his right to sue on behalf of any other individual who has been alleged to have suffered injury. Without such factual allegations, the Court is unable to identify how the relief sought would redress the injury pleaded. *Id.* at 562. His failure to properly plead standing to sue in this case results in dismissal of the action. *Id.* at 561 ("Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element [of standing doctrine] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.").

Plaintiff's complaint therefore will be dismissed *without prejudice*. The Court will permit Plaintiff to file an amended complaint within twenty-one days of the issuance of this decision. *See* Fed. R. Civ. P. 15(a)(2) (writing that the court should "freely give" leave to amend).

The Clerk of Court is directed to send a certified copy of this Memorandum Opinion to Plaintiff.

Entered this  24th  day of August, 2020.

                                                       *[signature]*
                                               NORMAN K. MOON
                                               SENIOR UNITED STATES DISTRICT JUDGE

---

civil rights litigation, 42 U.S.C. § 1983. But it is unable to identify what statute Plaintiff means to invoke with "U.S. Code § 246."